**SHEET METAL LOCAL # 24 ANDERSON, TRUSTEE, et al., Plaintiffs–Appellees,**

v.

**Shelley Wright NEWMAN, Defendant–Appellant.**

No. 01–3085.

United States Court of Appeals, Sixth Circuit.

May 21, 2002.

Before RYAN, BOGGS, and COLE, Circuit Judges.

PER CURIAM.

Defendant Shelley Newman appeals the grant of summary judgment to the trustees of Sheet Metal Local # 24 Joint Apprenticeship Training Committee (JATC) and of the International Training Institute for the Sheet Metal and Air Conditioning Industry (ITI) in this action for breach of contract. Subject matter jurisdiction in the case is based on 29 U.S.C. § 1132(a)(3). The district court lacked subject matter jurisdiction over this case; we therefore reverse the district court's judgment and dismiss the case for lack of jurisdiction.

I

JATC and ITI are apprenticeship training programs, funded by multiple employers. Apprentices are not initially charged for training, but have the option of either paying back the costs of training, or working the training off in credits by working for an employer who contributes to the apprenticeship program.

Plaintiffs trained Newman as a journeyman sheet metal worker. In lieu of paying plaintiffs for her training, Newman signed four agreements, promising in each one either to pay back the costs of her training or work the costs off by earning in-kind credit for employment with contributing employers. She then worked with sheet metal as a "tinner" for Ford, a non-contributing employer. She did not repay the loan amounts despite the fact that she was required by the contract to do so if she worked in the sheet-metal industry for a non-contributing employer.

The district court determined that it had jurisdiction to hear the case under 29 U.S.C. § 1132(a)(3), and granted JATC and ITI summary judgment on the merits. Newman timely appealed.

II

29 U.S.C. § 1132(a)(3) authorizes civil actions to enforce provisions of ERISA plans:

by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates ... the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any ... terms of the plan.

29 U.S.C. § 1132(a)(3). Plaintiffs agree that § 1132(a)(3) is the jurisdictional basis of this suit. JATC Brief at 1. Plaintiffs assert that this action "was brought for restitution to enforce the terms of an ERISA plan." Restitution, they claim, is "other appropriate equitable relief" under § 1132(a)(3).

While this appeal was pending, the Supreme Court decided *Great–West Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204, 122 S.Ct. 708, 151 L.Ed.2d 635 (2002), holding that not all restitution actions are "equitable" restitution actions, and thus that not all restitution actions are actionable under 29 U.S.C. § 1132(a)(3). *See Great–West*, 122 S.Ct. at 712 ("[E]quitable relief must mean *something* less than *all* relief.").

> *Great–West* stated:
>
> Here, petitioners seek, in essence, to impose personal liability on respondents for a contractual obligation to pay money—relief that was not typically available in equity. A claim for money due and owing under a contract is quintessentially an action at law. Almost invariably ... suits seeking (whether by judgment, injunction, or declaration) to compel the defendant to pay a sum of money to the plaintiff are suits for 'money damages' as that phrase has been typically applied, since they seek no more than compensation for loss resulting from the defendant's breach of legal duty.

*Great–West*, 122 S.Ct. at 712–13 (citations and quotations omitted).

After *Great–West*, JATC may no longer prevail on the question of jurisdiction simply by characterizing the action as one for restitution. Rather, the restitution must be of a sort traditionally enforced at equity, rather than a proxy for a suit for money damages. For example, a plaintiff might seek equitable restitution of particular funds that he owned but that the defendant wrongfully possessed. *Great–West*, 122 S.Ct. at 714. Equity might then place a constructive trust or lien on the funds. *Ibid.* But where the property to be recovered has been dissipated (or in fact was never paid over, as here), the plaintiff is a general creditor. "Thus, for restitution to lie in equity, the action generally must seek not to impose personal liability on the defendant, but to restore to the plaintiff particular funds or property in the defendant's possession." *Great–West*, 122 S.Ct. at 714–15.

JATC must allege, then, that it gave Newman monies that she wrongfully holds and must now return. This would indeed seem more like an equitable restitution action. However, JATC is mistaken in its characterization. The agreements, in JATC's own words, memorialized the understanding between the parties that the "cost of the training, including books, manuals, necessary equipment, instructors' salaries (where applicable), and related materials" was $4,533.52 for the Agreement dated August 26, 1986, $3,335.44 for the Agreement dated August 4, 1987, $3,211.60 for the Agreement dated August 9, 1988, and $3,357.04 for the Agreement dated August 14, 1989.

These costs were to be repaid by Newman either in cash or by in-kind credit earned by working for a contributing employer. Plaintiffs did not give Newman money; they also do not allege that she still has any particular funds that they own. Rather, plaintiffs advanced her the costs of her training by not charging her at the time of training.

Newman breached the contract: she worked in the sheet metal industry for a

non-contributing employer, and did not repay the loan amounts. Plaintiffs are suing Newman for money damages because of her breach of the loan contracts. Courts almost invariably do not have jurisdiction to hear contract suits for money damages under § 1132(a)(2). *Great–West*, 122 S.Ct. at 712–13.

Because the district court did not have jurisdiction to hear this claim, we reverse the district court's judgment, and order the case dismissed.

## III

For the foregoing reasons, the district court's judgment is REVERSED, and the district court is directed to dismiss the case for lack of subject matter jurisdiction.